Not For Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRITZ GERALD TOUSSAINT,<br><br>*Plaintiff*,<br><br>v.<br><br>ESTEBAN GONZALEZ,<br><br>*Defendant*. | Civil Action No. 22-2171<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

     Plaintiff Fritz Gerald Toussaint seeks to bring this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915.  D.E. 2.  For the reasons discussed below, the Court **GRANTS** his application to proceed *in forma pauperis* but **DISMISSES** the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

     Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Plaintiff sufficiently establishes his inability to pay, D.E. 2, and the Court grants his application to proceed *in forma pauperis* without prepayment of fees and costs.

     When allowing a plaintiff to proceed *in forma pauperis*, the Court must review the complaint and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  Because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys.

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

In this matter, Plaintiff alleges that Defendant Esteban Gonzalez, a Kearny police officer, violated Plaintiff's First and Fourth Amendment rights. Plaintiff maintains that while responding to a domestic dispute call at his home, Defendant entered Plaintiff's property without Plaintiff's consent. Compl. at 3, D.E. 1. Plaintiff further alleges that Defendant violated Plaintiff's diplomatic protection rights because Defendant did not provide Plaintiff with an opportunity to speak with his embassy. *Id.* Finally, Plaintiff contends that Defendant violated his religious rights as an ordained minister because Defendant "trampled through [Plaintiff's] marital bedroom," searched Plaintiff's person, and signed an affidavit "full of falsehoods." *Id.* Plaintiff alleges that he was jailed and detained in solitary confinement for 24-hours and denied a hearing for 67 days. *Id.* at 2.

While not explicitly stated, Plaintiff appears to assert Section 1983 claims against Defendant. Section 1983, in relevant part, provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

*See* 42 U.S.C. § 1983. Section 1983 does not provide substantive rights; rather, Section 1983 provides a vehicle for vindicating violations of other federal rights. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a Section 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color

2

of state or territorial law." *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL 1646849, at *2 (D.N.J. Apr. 14, 2015). For purposes of this screening, the Court assumes that Defendant is a state actor.

The Fourth Amendment protects persons from "unreasonable searches and seizures." U.S. Const. amend. IV. "Warrantless searches and seizures inside someone's home . . . are presumptively unreasonable unless the occupants['] consent or probable cause and exigent circumstances exist to justify the intrusion." *United States v. Coles*, 437 F.3d 361, 365-66 (3d Cir. 2006) (citing *Steagald v. United States*, 451 U.S. 204, 211 (1981); *Payton v. New York*, 445 U.S. 573, 586 (1980)). Plaintiff appears to assert a claim based on Defendant's entry into Plaintiff's home without Plaintiff's consent.[1] But Plaintiff provides no further details to support a Fourth Amendment claim. As a result, Plaintiff fails to state a Fourth Amendment claim because his allegations are conclusory.

Plaintiff also appears to allege that Defendant violated his First Amendment free speech rights because he is a diplomat. Namely, Plaintiff alleges that because he asserted his "diplomatic protection," Defendant should have permitted Plaintiff with an opportunity to speak with his embassy. Compl. at 3. Plaintiff fails to indicate what First Amendment protections are afforded to diplomats based solely on their status as a diplomat. As a result, Plaintiff fails to state a First Amendment claim on these grounds.

---

[1] The Court notes that there are multiple exceptions to the warrant requirement, including the presence of exigent circumstances. Exigent circumstances may justify a warrantless intrusion when police "reasonably believe that someone is in imminent danger." *Parkhurst v. Trapp*, 77 F.3d 707, 711 (3d Cir. 1996). Imminence, or "the existence of a true emergency" is critical. *United States v. Mallory*, 765 F.3d 373, 384 (3d Cir. 2014). Although Plaintiff provides few factual details in his Complaint, Plaintiff does plead that Defendant was responding to a domestic dispute. Therefore, it is possible that existence of exigence circumstances would obviate the need for a warrant. But the Court cannot conclude whether exigent circumstances existed due to the lack of factual details pled by Plaintiff.

Finally, Plaintiff seems to claim that Defendant violated his First Amendment rights because he is an ordained minister. In essence, Plaintiff appears to allege that he should have been treated differently because Plaintiff is a minister. The Free Exercise Clause provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I. When religious conduct conflicts with a law or government action, the analysis of a free exercise claim depends on the nature of the challenged action. *Tenefly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 165 (3d Cir. 2002). If the challenged government action is "neutral" and "generally applicable," and burdens religious conduct only incidentally, the action is permissible if it is rationally related to a legitimate government objective. *Id.* Here, the alleged government action is a police officer's response to a domestic dispute. This is a neutral and generally applicable action. And a police officer's ability to appropriately respond to domestic disputes is certainly a legitimate government objective. As a result, Defendant's alleged wrongful conduct, entering the "marital bedroom" and searching Plaintiff while responding to a domestic dispute, is rationally related to a legitimate government objective. As pled, Defendant's alleged wrongful conduct does not violate Plaintiff's First Amendment rights. Accordingly, Plaintiff fails to state a claim on these grounds.

When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with an

4

opportunity to file an amended complaint. Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, Plaintiff's claims will be dismissed with prejudice.

Accordingly, and for good cause shown,

IT IS on this 26th day of April, 2022,

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the matter being dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Opinion and Order to Plaintiff by regular mail.

                                                          John Michael Vazquez, U.S.D.J.